UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                        Case No. 3:19cr143/MCR

MICHAEL SCOTT COLE.
                                                    \

**ORDER**

Defendant Michael Scott Cole pled guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Cole's Presentence Investigation Report ("PSR") assigned him an enhanced base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), based on two prior felony convictions in the state of Florida—one for aggravated assault with a deadly weapon without intent to kill; and one for felony battery. The resulting Guidelines range is 70 to 87 months.[1] Cole objects to the enhanced base offense level, arguing that his prior aggravated assault and felony battery convictions do not qualify as "crimes of violence" under § 2K2.1(a)(2). For the following reasons, Cole's objection is overruled.

---

[1] Cole received the full three-point reduction for acceptance of responsibility, resulting in a total offense level of 21, which, combined with his criminal history category of V, yielded a Guidelines range of 70 to 87 months.

### A.  Aggravated Assault with a Deadly Weapon

Cole's argument regarding his aggravated assault with a deadly weapon conviction, in violation of Fla. Stat. § 784.021(1)(a), is squarely foreclosed by Eleventh Circuit precedent. The Eleventh Circuit has repeatedly held that a conviction under Fla. Stat. 784.021(1)(a) constitutes a "crime of violence" under U.S.S.G. § 2K2.1(a)(2). *See United States v. Golden*, 854 F.3d 1256, 1256-57 (11th Cir. 2017) (citing *Turner v. Warden Coleman FCI*, 709 F. 3d 1328, 1337-38 & n.6 (11th Cir. 2013); *United States v. Edwards*, 833 F. App'x 323, 325 (11th Cir. Nov. 4, 2020). This Court is bound by these decisions "unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*," *see United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018) (explaining that *Turner* remains binding authority in the Eleventh Circuit), which has not occurred to date. The Court thus finds that Cole's prior conviction for aggravated assault with a deadly weapon under Fla. Stat. § 784.021(1)(a) is a crime of violence.

### B.  Felony Battery

Cole's argument regarding his conviction for felony battery under Fla. Stat. § 784.03(2) also fails, albeit for different reasons. Briefly, a "crime of violence" includes any felony offense that "has as an element the use, attempted use, or

threatened use of physical force against the person of another."[2]  *See United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019) (quoting U.S.S.G. § 4B1.2(a)); *see also* U.S.S.G. § 2K2.1 cmt. n.1 (adopting § 4B1.2(a)'s crime of violence definition). The Supreme Court has defined physical force as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

In determining whether a prior conviction falls within this definition, sentencing courts generally must employ a categorical approach, looking only at the statutory elements of the offense, without inquiring into the defendant's conduct in committing it. *See Mathis v. United States*, 136 S. Ct. 2243, 2251-52 (2016). However, when a statute "comprises multiple, alternative versions of a crime"—that is, when the statute is "divisible"—sentencing courts apply a modified categorical approach, first determining "which version of the crime the defendant was convicted of," and then determining whether that specific offense qualifies as a "crime of violence."[3]  *See United States v. Braun*, 801 F.3d 1301, 1304 (11th Cir. 2015) (quoting *Descamps v. United States*, 570 U.S. 254, 262 (2013)). Courts applying the modified categorical approach may consult a limited class of documents to

---

[2] Section 4B1.2(a)(2) also includes an additional list of enumerated offenses that qualify as crimes of violence. Felony battery is not an enumerated offense. *See id*.

[3] More specifically, a statute is divisible where it sets out one or more elements of the offense in the alternative, thereby defining multiple crimes, and it is indivisible if it contains only a single set of elements defining a single crime. *See Mathis*, 136 S. Ct. at 2248-49.

Case No. 3:19cr143/MCR

determine "what crime, with what elements" formed the basis of the defendant's prior conviction. *See Descamps*, 570 U.S. at 257. That class of documents, known as *Shepard* documents, may include the charging document, any plea agreement submitted to the court, the transcript of the plea colloquy, or any "record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20-21 (2005). Importantly, "an arrest report that is incorporated by reference in a plea agreement" as the factual basis for a defendant's plea of *nolo contendere* qualifies as a "record of comparable findings of fact adopted by the defendant upon entering a plea" that a sentencing court may consider under the modified categorical approach. *See Gandy*, 917 F.3d at 1340-42.

Cole was previously convicted of third-degree felony battery under Fla. Stat. § 784.03(2), which requires proof that a defendant: (1) committed a simple battery; and (2) at the time, had one or more prior convictions for simple battery, aggravated battery, or felony battery.[4] *See Osborn v. State*, 177 So.3d 1034, 1035 (Fla. 1st DCA 2015). The Eleventh Circuit has held that Florida's simple battery statute is divisible into at least two separate battery offenses: (1) touch or strike battery, which does not categorically qualify as a crime of violence; and (2) battery by intentionally causing

---

[4] Simple battery ordinarily is a first-degree misdemeanor in Florida, *see* Fla. Stat. § 784.03(1)(b), but it is elevated to a felony for defendants who, like Cole, have been convicted of battery in the past, *see id*. at § 784.03(2).

Case No. 3:19cr143/MCR

bodily harm, which does so qualify.[5] *See Gandy*, 917 F.3d at 1339-40. Thus, the Court may consult *Shepard* documents to determine which of those simple battery offenses formed the basis for Cole's felony battery conviction.

A number of *Shepard* documents are available for Cole's felony battery conviction, including the arrest report that was incorporated into the plea agreement as the factual basis for Cole's plea of *nolo contendere* in that case. The arrest report states, in relevant part, that Cole "grabbed [the victim] around the neck, pushed her to [a] couch, [and] strangled her to the point [where] she got dizzy and started to pass out." Law enforcement officers observed "bruises and scratches all around [the victim's] chest and neck which [were] consistent with [her] having been strangled." *Id*. Cole later told the arresting officer that the victim punched him and he then "choked" her. *Id*. These facts, to which Cole expressly assented in the plea agreement, establish that Cole was necessarily convicted on the basis of bodily harm battery under Eleventh Circuit precedent, which categorically qualifies as crime of violence under the Guidelines. *See United States v. Dixon*, 874 F.3d 678, 681 (11th Cir. 2017) ("[K]nowingly and intentionally imped[ing] breath or blood circulation

---

[5] The Eleventh Circuit has not yet decided whether Florida's simple battery statute is further divisible as between "touching" and "striking." *See Santos v. United States*, 982 F.3d 1303, 1309 (11th Cir. 2020) ("[N]othing in this opinion should be read as deciding whether Florida's [simple battery] statute is divisible in two or three ways, which remains an open question."); *Gandy*, 917 F.3d at 1339 ("[W]e need not decide whether 'touching' and "striking" are divisible."). The Court need not decide that issue here.

[is] conduct that is necessarily capable of causing physical injury."); *United States v. Vail-Bailon*, 868 F.3d 1293, 1302 (11th Cir. 2017) ("Force that actually causes injury necessarily was capable of causing that injury."); *United States v. Lee*, 777 F. App'x 345, *355 (11th Cir. June 11, 2019) ("Cuts and blood plainly show bodily harm to the victim.").

In sum, the Court finds that Cole's prior convictions for aggravated assault with a deadly weapon and felony battery are crimes of violence for purposes of the Guidelines. Having two qualifying predicates, Cole was properly assigned an enhanced base offense level under § 2K2.1(a)(2). Accordingly, Cole's objection to the enhancement is overruled. Additionally, the United States Probation Office is directed to make the certified copies of the *Shepard* documents for Cole's felony battery conviction a part of the record for sentencing purposes.

**DONE AND ORDERED**, on this 10th day of February, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**